```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| MICHAEL JAFFE,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>LETICIA JAMES; ANDREW CUOMO;<br>CITIBANK; HILLARY CLINTON,<br><br>　　　　　　　　　　Defendants. | 20-CV-2142 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated March 11, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Michael Jaffe makes the following allegations:

> I arrived at the White House for a tour in the beginning of the Clinton administration. . . . Hillary Clinton . . . promised me legal representation but she really had me tricked. She is a false attorney. She told me to be arrested at Queens Center Mall and that I could sue for the mall. The case was disastrous, and she really wanted me to be disabled. I was intellectually sound.
>
> As a result, the Secret Service at 7 World Trade sent $800 million to Dustin and Justin of . . . Queens Center Mall Security. . . . In 2017, Federal Reserve Chairman Jerome Powell stated that I had put in the Federal Reserve in my name. . . . The 5 billion dollars sent to New York State was from the Federal Reserve Fund.
>
> . . . Mr. Bezos stated that Amazon.com was my idea. At that juncture, I requested money and gave him more business advice. The plans for Amazon came from a facsimile of my voice by Feds from the University of Florida football in the fall of 1990 . . . .

(Compl. at 5-7.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has already filed several complaints that were dismissed *sua sponte* as frivolous. *See Jaffe v. DeBlasio*, No. 19-CV-8525 (CM) (S.D.N.Y. Sept. 16, 2019); *Jaffe v. Murphy*, No. 18-CV-01011-WFK-LB (E.D.N.Y. May 6, 2018). Plaintiff is warned that further vexatious or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 11, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge